Matthew Swanlund (CSB No. 204542)
matthew@aestheticlegal.com
**AESTHETIC LEGAL, A.P.L.C.**
8055 W Manchester Ave, Suite 310
Playa del Rey, CA 90293
Telephone: (310) 301-4545

Cody R. LeJeune (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
2801 Camino Del Rio South, Suite 200A
San Diego, California 92108
Telephone: (985) 713-4964

Attorneys for Plaintiff
YZ PRODUCTIONS, INC., a California corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YZ PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TP APPAREL, LLC, a New York limited liability company, d/b/a TeePublic, and DOES 1 through 20, inclusive;<br><br>Defendants, | Case No.  21-cv-673<br><br>**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK AND TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff YZ Productions, Inc. ("Plaintiff" or "YZ") hereby complains of TP Apparel, LLC, d/b/a TeePublic ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for (1) direct and contributory trademark counterfeiting under 15 U.S.C. §1114, (2) direct and contributory trademark infringement under 15 U.S.C. §1114, (3) direct and contributory trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. §1125(a); (4) unfair competition under California Business & Professions Code §17200 *et seq*.; and (5) California common law unfair competition.

2.     The Court has original subject matter jurisdiction over the claims that relate to trademark counterfeiting, trademark and trade dress infringement and false designation of origin, pursuant to 15 U.S.C. §§ 1116 and/or 1121(a). The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims arise under the laws of the United States. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over the claims which arise under state statutory and common law, because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has personal jurisdiction over Defendant because it has a continuous, systematic, and substantial presence within California, including within this Judicial District. Defendant regularly conducts business within California, including in this Judicial District. In addition, Defendant has committed acts of trademark counterfeiting, trademark and trade dress infringement, false designation of origin, and unfair competition in California and in this Judicial District, including, but not limited to, counterfeiting, and using infringing marks, trade dress, and designs in connection with the sale and offering for sale of products to customers in California and in this Judicial District, and Defendant's

acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

4.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) at least because a substantial portion of the events complained of herein took place in this Judicial District.

## THE PARTIES

5.    YZ is a corporation organized and existing under the laws of the State of California, having a principal place of business at 16000 Ventura Blvd, Suite 520, Encino, CA 91436, in Los Angeles County.

6.    Upon information and belief, TP Apparel, LLC, d/b/a TeePublic, is a New York corporation, having a principal place of business in Rockland County, New York.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### YZ and Its Intellectual Property

7.    YZ is a professional multimedia production company, YouTube channel operator, and distributor engaged in the production, design, creation, distribution and sale of multimedia content.

8.    YZ's numerous YouTube channles contain a library of thousands of original videos and currently has more than Thirteen Million (13,000,000) subscribers.

9.    YZ's numerous social media channels (i.e., Instagram, Facebook, TikTok) also has multiple millions of subscribers and followers.

10.    Since at least as early as January 1, 2016, YZ has used REBECCA ZAMOLO as a trademark in U.S. commerce in connection with multimedia content (i.e., YouTube videos), social media channels, consumer products, and clothing (collectively, the "REBECCA ZAMOLO Goods").

11.    The REBECCA ZAMOLO trademark was registered with the U.S. Patent and Trademark Office on June 30, 2020 as Registration No. 6,090,463.

12.    YZ is the owner of all right, title and interest in and to the trademark

2

COMPLAINT

REBECCA ZAMOLO (the "REBECCA ZAMOLO Trademark") for the REBECCA ZAMOLO Goods.

13. Since at least as early as January 1, 2016, YZ has used ZAMFAM as a trademark in U.S. commerce in connection with multimedia content (i.e., YouTube videos), social media channels, consumer products, and clothing (collectively, the "ZAMFAM Goods").

14. The ZAMFAM Trademark was registered with the U.S. Patent and Trademark Office on October 27, 2020 as Registration No. 6,183,433.

15. The REBECCA ZAMOLO Trademark and ZAMFAM Trademark are collectively referred to herein as the "YZ Marks."

16. The REBECCA ZAMOLO Goods and ZAMFAM Goods are collectively referred to herein as the "YZ Goods."

17. YZ is the owner of the following federal trademark registrations for the YZ Trademarks and owns all right, title and interest in and to the subject marks thereof and all goodwill associated therewith:

| **MARK** | **REG. NO** | **GOODS/SERVICES** |
|---|---|---|
| REBECCA ZAMOLO | 6,090,463 | Class 3: Cosmetics; Cosmetics for children.<br><br>Class 16: Stickers and transfers; Blank journal books; Blank journals; Blank writing journals; Personalized writing journals; Printed materials, namely, blank journals.<br><br>Class 25: Hats; Hoodies; Shirts; Tops as clothing; Sweat shirts; T-shirts.<br><br>Class 41: On-line video journals, namely, vlogs featuring nondownloadable videos in the field of current events, humor, and popular culture; |

3
COMPLAINT

| | | Production of humorous videos for the Internet; Production of musical videos. |
|---|---|---|
| ZAMFAM | 6,183,433 | Class 16: Stickers and transfers. |
| | | Class 25: Hats; Shirts; Hoodies; Sweat shirts; T-shirts; Tops as clothing. |
| | | Class 41: On-line video journals, namely, vlogs featuring nondownloadable videos in the field of current events, humor, and popular culture; Production of humorous videos for the Internet; Production of musical videos. |

18. A printout from the United States Patent and Trademark Office's ("USPTO") Trademark Status & Document Retrieval ("TSDR") Database showing the current status of the YZ Trademarks is attached as Exhibit A and incorporated by reference.

19. YZ is the author and owner of original works of art titled "#ZAMFAM Sprinkles" and "RZ Sprinkles" (collectively, the "ZAMFAM Artworks").

20. Since at least as early as January 1, 2018, YZ has used the ZAMFAM Artworks on the ZAMFAM Goods.

21. YZ is the owner of all right, title and interest in and to the trade dress (the "ZAMFAM Trade Dress") for the ZAMFAM Goods.

22. The ZAMFAM Trade Dress is referred to herein as the "YZ Trade Dress."

23. The ZAMFAM Artworks is referred to herein as the "YZ Artworks."

24. As a result of YZ's substantial and continuous use of the YZ Marks, YZ Artworks and YZ Trade Dress, YZ is the owner of strong common law rights in those marks and trade dress.

25. YZ has and continues to widely market and promote the YZ Marks, YZ Artworks and YZ Trade Dress by displaying the marks, images and trade dress on millions of YouTube videos and clothing articles watched and sold in the U.S. The REBECCA

ZAMOLO and ZAMFAM line of YZ Goods has achieved substantial commercial success.

26.     The YZ Marks, YZ Artworks and YZ Trade Dress are the subject of substantial and continuous marketing and promotion by YZ.

27.     YZ's promotional efforts for the REBECCA ZAMOLO and ZAMFAM brands and the YZ Marks, YZ Artworks and YZ Trade Dress include – by way of example but not limitation – displaying the marks and trade dress on or in connection with YZ's online ecommerce store, promotional and point-of-sale materials, YZ's websites and other Internet websites and YZ's social media accounts.

28.     As a result of YZ's substantial use and promotion of the YZ Marks, YZ Artworks and YZ Trade Dress, the marks, images and trade dress have acquired great value as specific identifiers of YZ's products and serve to identify and distinguish YZ's products from those of others. Customers in this Judicial District and elsewhere readily recognize the YZ Marks and YZ Trade Dress as distinctive designations of the origin of YZ's REBECCA ZAMOLO and ZAMFAM brands of entertainment and other products and services. The YZ Marks, YZ Artworks and YZ Trade Dress are intellectual property assets of enormous value as symbols of YZ and its quality products, reputation, and goodwill.

**Defendant's Infringing Activities**

29.     Without permission or consent from YZ, Defendant has marketed, offered for sale, sold, created, manufactured, and/or shipped to consumers unauthorized goods bearing counterfeit and infringing marks and designs that are identical to or substantially similar to the YZ Marks, YZ Artworks and the YZ Goods.

30.     Upon information and belief, Defendant owns and operates an ecommerce system through which infringing and counterfeit apparel and other goods displaying the YZ Marks, YZ Artworks and Goods, and/or confusingly marks and substantially similar designs (hereinafter, "Infringing Goods") are marketed, offered for sale, sold, created,

and/or shipped to consumers by Defendant, all without permission or authorization from YZ.

31.     Upon information and belief, Defendant is directly involved in the sale of goods via its e-commerce system and has direct control over and specific knowledge of the Infringing Goods advertised or sold via that system. Defendant provides all of the necessary tools for users to create online storefronts through which Infringing Goods are then marketed, offered for sale, and sold.

32.     Defendant's online storefronts are integrated into its website, www.teepublic.com. Defendant provides technical, logistical, and other support for those storefronts. Defendant processes retail transactions for the sale of the goods, creates or directs the creation of the Infringing Goods, and handles shipment of the goods. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

33.     Defendant has offered for sale, sold, and/or shipped Infringing Goods to customers in California, including to customers in this Judicial District. Upon information and belief, Defendant also has made or directed the manufacture of those goods in this Judicial District.

34.     Defendant has directly profited from the sale through its ecommerce system of Infringing Goods. Defendant has a direct financial interest in the sale of those goods because Defendant receives a portion of each sale made through its e-commerce system.

35.     Defendant, through its online store, uses, advertises, offers for sale, and sells the Infringing Goods in the same categories as those present on Plaintiff's website, www.rebeccazamolo.com, including t-shirts and hoodies, as shown below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







### CUPCAKE HOODIE
**$39.00 USD**

SIZE

Youth Small

**ADD TO CART**

### description

Join the #ZAMFAM with the newest official Rebecca Zamolo merch. With a bright teal and yellow cupcake, this comfy black hoodie was designed to keep you smiling.  Fitted, comfortable, and soft this hoodie was made just for you.  Great for everyday wear and your next FUN CHALLENGE!

**All International customers are responsible for any custom/vat fees that occur when the product arrives in your country**








### #ZAMFAM SHIRT TEAL
**$22.00 USD**

SIZE

Youth Small

**ADD TO CART**

### description

Become a part of the #ZAMFAM with this latest super soft and comfy official Rebecca Zamolo merch! Featuring bright pink and yellow sprinkles, this splendid teal colored t-shirt is everything you can ask for. These shirts are soft, fitted, and lightweight. Comes pre-shrunk so the fit stays the same over time and multiple wash cycles • 100% ring-spun cotton (heather colors have polyester) • 30 singles • Pre-shrunk • Tubular construction • Shoulder-to-shoulder tape • Double-needle sleeve and bottom hem.

| Size | Small/Youth 6-8 | Medium/Youth 10-12 | Large/Youth 12-16 | X Large 18-20 |
|------|------|------|------|------|
| Chest | 29" | 30" | 33" | 34 |
| Length | 18 1/2" | 20" | 21" | 22.5 |
| Arm | 10.5" | 11 1/2" | 12 1/2" | 13 |
| Size | Adult Small | Adult Medium | Adult Large | Adult X-Large |

7

**COMPLAINT**

36.     Some examples of Infringing Goods displaying the YZ Marks, YZ Trade Dress, and YZ Artworks, offered for sale and sold on Defendant's website, in the same product categories as those from Plaintiff's website, are shown below.





8

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





9

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



10
COMPLAINT



37.     Upon information and belief, Defendant has specific knowledge of the Infringing Goods sold through its e-commerce system, including the goods shown in Paragraph 35 of this Complaint, at least because of Defendant's intimate involvement in

the marketing, offering for sale, selling, producing, and/or shipping of the goods, and other customer support provided by Defendant relating to the goods.

38.     Defendant is not affiliated with YZ. At no time has YZ ever given Defendant license, permission, or authority to use or display the YZ Marks, YZ Artworks or the YZ Goods.

39.     Upon information and belief, Defendant knew of the YZ Marks, YZ Artworks and YZ's rights therein when Defendant began marketing, offering for sale, selling, creating, and/or distributing Infringing Goods.

40.     YZ notified Defendant of its infringement of the YZ Marks, YZ Artworks and YZ Goods, including in six (6) separate correspondences dated February 5, 2020, March 6, 2020, March 30, 2020, April 1, 2020, April 29, 2020, and May 4, 2020, and demanded that Defendant stop its unlawful activities. However, Defendant thereafter continued to market, offer for sale, sell, create, and/or distribute Infringing Goods in blatant and willful disregard of YZ's valuable intellectual property rights.

41.     Defendant's acts complained of herein have been willful and deliberate. Defendant has intentionally attempted to capitalize on YZ's valuable reputation and customer goodwill in the YZ Marks by using marks, images and trade dress that is the same as or confusingly similar to YZ Marks on or in connection with Infringing Goods. Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of the products offered and sold through Defendant's e-commerce system and are intended to cause consumers and potential customers to believe that the products are associated with YZ, when they are not.

42.     By virtue of the acts complained of herein, Defendant has created a likelihood of injury to YZ's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of YZ's goods and the Infringing Goods sold through Defendant's e-commerce system, and has otherwise

competed unfairly with YZ by unlawfully trading on and using the YZ Marks and YZ Artworks without YZ's permission or consent.

43.     Defendant's acts complained of herein have caused damage to YZ in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

44.     Defendant's acts complained of herein have caused YZ to suffer irreparable injury to its business. YZ will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## **FIRST CLAIM FOR RELIEF**

### (Trademark Counterfeiting Under 15 U.S.C. § 1114)

45.     YZ incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 – 44 of this Complaint as if set forth fully herein.

46.     This is a claim for trademark counterfeiting arising under 15 U.S.C. § 1114.

47.     Defendant has intentionally used in commerce, without permission from YZ, marks that are identical to or substantially indistinguishable from the YZ Marks, including at least the marks that are the subject of YZ's U.S. Trademark Registration No. 6,090,463 and U.S. Trademark Registration No. 6,183,433, in connection with marketing, selling, offering for sale, manufacturing, and/or distributing Infringing Goods. Such use is likely to cause confusion, or to cause mistake, or to deceive.

48.     YZ is informed and believes, and on that basis alleges, that Defendant has used the non-genuine marks in connection with its business knowing that the marks are counterfeit. YZ is informed and believes, and on that basis alleges, that the activities of Defendant complained of herein constitute willful and intentional trademark counterfeiting, and Defendant acted with an intent to unfairly compete against YZ, to trade

13

COMPLAINT

upon YZ's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that the Infringing Goods are associated with, sponsored by, or approved by YZ, when, in fact, they are not.

49.     Defendant's use of the YZ Marks includes the sale of products in the same categories as those sold on Plaintiff's website, www.rebeccazamolo.com, and covered by YZ's U.S. Trademark Registration Nos. 6,090,463, and 6,183,433, as demonstrated above.

50.     Defendant is also contributorily liable for the counterfeiting acts of the users of Defendant's e-commerce system.

51.     Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute goods displaying marks that are counterfeits of YZ's federally registered YZ Marks including at least the marks that are the subject of YZ's U.S. Trademark Registration No. 6,090,463 and U.S. Trademark Registration No. 6,183,433.

52.     Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and materially assists users with marketing, offering for sale, selling, creating, and/or distributing goods that display marks that are counterfeits of YZ's federally registered YZ, including at least the marks that are the subject of YZ's U.S. Trademark Registration No. 6,090,463 and U.S. Trademark Registration No. 6,183,433. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

53.     YZ is informed and believes, and on that basis alleges, that Defendant had actual knowledge of YZ's ownership and prior use of the registered marks and without the consent of YZ, has willfully and intentionally violated 15 U.S.C. § 1114. YZ is further informed and believes, and on that basis alleges, that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

54.     Defendant, by its actions, has irreparably injured YZ and damaged YZ in an amount to be determined at trial. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement Under 15 U.S.C. § 1114)

55.     YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 53 of this Complaint as though fully set forth herein.

56.     This is a claim for direct and contributory trademark infringement arising under 15 U.S.C. § 1114.

57.     YZ owns valid and enforceable federally registered trademarks for the YZ Marks, including the registrations listed above.

58.     Defendant has directly infringed the federally registered YZ Marks by using in commerce, without permission from YZ, colorable imitations, and/or confusingly similar marks to the YZ Marks.

59.     Defendant's use is seen in numerous ways. On their website, Defendant advertises the Infringing Goods that contain the YZ Marks and offer the Infringing Goods for sale. Defendant's product listing pages on its own website are advertisments of the Infringing Goods. In addition, Defendant pays to advertise the Infringing Goods on social media platforms and third-party websites.

60.     Further, Defendant offers to sell the Infringing Goods on its website by including details about the Infringing Goods for sale, such as the type of good and details about the goods.

61.     Defendant then sells Infringing Goods that contain the YZ Marks to consumers by taking money from consumers and shipping the Infringing Goods to

consumers, thus forming a sales contract with consumers.

62.     Defendant's use of the YZ Marks is shown by providing the platform for the Infringing Goods, processing orders for the Infringing Goods placed by consumers, arranges for the manufacture of the Infringing Goods, arranges for shipping of the Infringing Goods, controls all customer service and return activities with the consumer, and pockets a significant portion of the profits when consumers purchase the Infringing Goods from its website.

63.     In addition, Defendant's use of the YZ Marks is likely to cause confusion amongst consumers as to the origin of the YZ Marks because Defendants sell the Infringing Goods bearing the YZ Marks in the same categories of goods as sold by Plaintiff on their website, www.rebeccazamolo.com.

64.     Defendant has used the aforementioned marks in connection with marketing, selling, offering for sale, manufacturing, and/or distributing Infringing Goods. Such use is likely to cause confusion or mistake, or to deceive.

65.     Defendant is also contributorily liable for the infringing acts of the users of Defendant's e-commerce system. Upon information and belief, Defendant had, or had reason to know, that a direct infringer infringed the YZ Marks, and Defendant continued its actions despite being informed by YZ that such acts constituted infringement.

66.     Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute Infringing Goods.

67.     Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and materially assists users with marketing, offering for sale, selling, creating, and/or distributing Infringing Goods. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even

suspend or terminate users' storefronts.

68.     Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringements of YZ's registered marks, and Defendant acted with the intent to trade upon YZ's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Infringing Goods are associated with, sponsored by, originated from, or are approved by, YZ, when they are not.

69.     Upon information and belief, Defendant had actual knowledge of YZ's ownership and prior use of the YZ Marks and willfully violated 15 U.S.C. § 1114.

70.     For example, YZ informed Defendant that the Infringing Goods were present on Defendant's website and that the Infringing Goods infringed YZ's registered marks. Yet the Infringing Goods remained on Defendant's website.

71.     Defendant, by its actions, has damaged YZ in an amount to be determined at trial.

72.     Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Trademark Infringement, Trade Dress Infringement, and False
Designation of Origin Under 15 U.S.C. § 1125(a))

73.     YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 65 of this Complaint as though fully set forth herein.

74.     This is an action for direct and contributory trademark infringement, trade dress infringement, and false designation of origin arising under 15 U.S.C. § 1125(a).

75.     As a result of the widespread use and promotion of the YZ Marks and YZ

Trade Dress, the marks and trade dress have acquired strong secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the YZ Marks with YZ.

76.     Defendant has directly infringed the YZ Marks and YZ Trade Dress and created a false designation of origin, by using in commerce, without YZ's permission, trademarks and trade dress that are identical and/or confusingly similar to the YZ Marks, and YZ Trade Dress, in connection with marketing, offering for sale, selling, creating, and/or distributing Infringing Goods.

77.     In addition, Defendant's use of the YZ Marks  and YZ Trade Dress is likely to cause confusion amongst consumers as to the origin of the YZ Marks and YZ Trade Dress because Defendants sell the Infringing Goods bearing the YZ Marks and YZ Trade Dress in the same categories of goods as sold by Plaintiff on their website, www.rebeccazamolo.com.

78.     Further, the YZ Marks and Defendant's Infringing Products are not dictated by function but instead are aesthetic designs and thus nonfunctional.

79.     Defendant is also contributorily liable for the infringing acts of the users of Defendant's e-commerce system.

80.     Defendant provides its e-commerce system to users knowing or having reason to know that the system is used to market, offer for sale, sell, create, and/or distribute Infringing Goods.

81.     Upon information and belief, Defendant has direct control over and monitors the e-commerce system it provides to users, and knowingly and materially assists users with marketing, offering for sale, selling, creating, and/or distributing Infringing Goods. In addition, Defendant has supervisory power over users of its e-commerce system because, for example, Defendant can remove products from its e-commerce system and even suspend or terminate users' storefronts.

82.    Defendant's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of YZ with Defendant, and/or as to the origin, sponsorship, or approval of Defendant's goods or Defendant's commercial activities, in violation of 15 U.S.C. § 1125(a).

83.    Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringements of the YZ Marks and YZ Trade Dress, Defendant acted with the intent to trade upon YZ's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Infringing Goods are associated with, sponsored by or approved by YZ, when they are not.

84.    Upon information and belief, Defendant had actual knowledge of YZ's ownership and prior use of the YZ Marks and YZ Trade Dress, without the consent of YZ, willfully violated 15 U.S.C. § 1125(a).

85.    Defendant, by its actions, has damaged YZ in an amount to be determined at trial.

86.    Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

### **FOURTH CLAIM FOR RELIEF**

(Unfair Competition Under California Business & Professions Code

§§ 17200 et seq.)

87.    YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 88 of this Complaint as though fully set forth herein.

88.    This is an action for unfair competition under California Business & Professions Code §§ 17200, et seq.

89.     By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed with YZ in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

90.     Defendant's acts complained of herein constitute trademark infringement, trade dress infringement, and unfair competition which have injured and damaged YZ.

91.     Defendant is not simply a service provider, but, as alleged in detail above, providies the platform for the Infringing Goods, processes orders for the Infringing Goods placed by consumers, arranges for the manufacture of the Infringing Goods, arranges for shipping of the Infringing Goods, controls all customer service and return activities with the consumer, and pockets a significant portion of the profits when consumers purchase the Infringing Goods from its website.

92.     Thus, Defendant is responsible for the YZ Marks placed on the Infringing Goods and has complete control over the content on its website, including the YZ Marks on the Infringing Goods

93.     Defendant, by its actions, has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has no adequate remedy at law.

## **FIFTH CLAIM FOR RELIEF**

### (California Common Law Unfair Competition)

94.     YZ hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 93 of this Complaint as though fully set forth herein.

95.     This is an action for unfair competition under the common law of the State of California.

96.     Defendant's acts complained of herein constitute trademark infringement, trade dress infringement, and unfair competition under the common law of the State of

California.

97.    Defendant is not simply a service provider, but, as alleged in detail above, providies the platform for the Infringing Goods, processes orders for the Infringing Goods placed by consumers, arranges for the manufacture of the Infringing Goods, arranges for shipping of the Infringing Goods, controls all customer service and return activities with the consumer, and pockets a significant portion of the profits when consumers purchase the Infringing Goods from its website.

98.    Thus, Defendant is responsible for the YZ Marks placed on the Infringing Goods and has complete control over the content on its website, including the YZ Marks on the Infringing Goods.

99.    By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with YZ in violation of the common law of the State of California.

100.    Defendant's aforementioned acts have damaged YZ in an amount to be determined at trial.

101.    Defendant has irreparably injured YZ. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of YZ's rights, for which YZ has noadequate remedy at law.

102.    Defendant's willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, YZ is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a).

## **PRAYER FOR RELIEF**

WHEREFORE, YZ prays for judgment against Defendant as follows:

1       1.    That the Court render a final judgment in favor of YZ and against Defendant

2  on all claims for relief alleged herein;

3       2.    That the Court render a final judgment that Defendant has violated the

4  provisions of 15 U.S.C. § 1114 by directly and/or contributorily counterfeiting YZ's

5  registered trademarks, including at least the marks that are the subject of U.S. Trademark

6  Registration No. 6,090,463 and U.S. Trademark Registration No. 6,183,433;

7       3.    That the Court render a final judgment that Defendant has violated the

8  provisions of 15 U.S.C. § 1114 by directly and/or contributorily infringing YZ's registered

9  trademarks, including at least the YZ Marks;

10       4.    That the Court render a final judgment that Defendant has violated the

11  provisions of 15 U.S.C. § 1125(a) by willfully and directly and/or contributorily infringing

12  the YZ Marks by using a false designation of origin, false description or false

13  representation through the marketing, offering for sale, and sale of Infringing Goods

14  offered through Defendant's e-commerce system;

15       5.    That the Court render a final judgment that Defendant has violated the

16  provisions of 15 U.S.C. § 1125(c) by directly and/or contributorily diluting YZ's famous

17  Marks;

18       6.    That the Court render a final judgment that Defendant has violated the

19  provisions of California Business & Professions Code §§ 17200, et seq. by committing

20  trademark infringement, trade dress infringement, and unfairly competing with YZ;

21       7.    That the Court render a final judgment that Defendant has violated California

22  common law by unfairly competing with YZ;

23       8.    That Defendant, its agents, servants, employees, attorneys, successors, and

24  assigns, and all other persons in active concert or participation with Defendant who receive

25  actual notice of the injunction by personal service or otherwise, be forthwith preliminarily

26  and permanently enjoined from:

27

28

COMPLAINT

a.  using any of the YZ Marks, YZ Trade Dress, or YZ Artworks in connection with Defendant's products or other products offered for sale or sold through Defendant's e-commerce system, using any of the YZ Marks, YZ Trade Dress, and/or YZ Artworks in advertising or promoting Defendant's products or other products offered through Defendant's e-commerce system, and/or using confusingly similar variations of any of the YZ Marks, YZ Trade Dress or YZ Artworks, in any manner that is likely to create the impression that Defendant's products or other products offered through Defendant's e-commerce system originate from YZ, are endorsed by YZ, or are connected in any way with YZ;

b.  manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing any of the YZ Marks, YZ Artworks or YZ Trade Dress, and/or any confusingly similar marks, images or trade dress;

c.  manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing or using the YZ Artworks or any designs substantially similar thereto;

d.  filing any applications for registration of any trademarks, trade dress, copyrighted works, or designs confusingly similar to the YZ Marks or YZ Trade Dress, and/or substantially similar to the YZ Artworks;

e.  otherwise infringing any of the YZ Marks, YZ Trade Dress, or YZ Artworks, or otherwise diluting the YZ Marks;

f.  falsely designating the origin of Defendant's products in any manner suggesting that Defendant's products or other products offered for sale or

23
COMPLAINT

sold through Defendant's e-commerce system originate from YZ;

g.  unfairly competing with YZ in any manner whatsoever; and

h.  causing a likelihood of confusion or injury to YZ's business reputation;

9.    That Defendant be directed to file with this Court and serve on YZ within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

10.    That Defendant be required to account to YZ for any and all profits derived by Defendant and all damages sustained by YZ by virtue of Defendant's acts complained of herein;

11.    That Defendant be ordered to pay over to YZ all damages which YZ has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

12.    That, at YZ's election, Defendant be ordered to pay over to YZ statutory damages under 15 U.S.C. § 1117(c) of up to $2,000,000 for each of YZ's Marks that Defendant has counterfeited;

13.    That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

14.    That YZ be awarded exemplary damages from Defendant pursuant to Cal. Civ. Code. § 3294;

15.    That Defendant's actions be deemed willful;

16.    That an award of reasonable costs, expenses, and attorneys' fees be awarded to YZ pursuant to at least 15 U.S.C. § 1117;

17.    That Defendant be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing any of the YZ Marks, YZ

Artworks or YZ Trade Dress, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503; and

18.    That YZ be awarded such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, YZ hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**LEJEUNE LAW, P.C.**

Dated: January 25, 2021          By:    /s/ Cody R. LeJeune

Cody R. LeJeune
2801 Camino Del Rio South, Suite 200A
San Diego, California 92108
Telephone: (985) 713-4964

Attorneys for Plaintiff
YZ PRODUCTIONS, INC., a California corporation

25
COMPLAINT