

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YZ PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TP APPAREL, LLC,<br><br>Defendant. | Case No. CV 21-0673 FMO (SKx)<br><br>**ORDER** |

Having reviewed and considered all the briefing filed with respect to defendant TP Apparel, LLC's ("defendant") Motion to Dismiss (Dkt. 13, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend]

when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendant's Motion and dismiss plaintiff YZ Productions, Inc.'s ("plaintiff") Complaint (Dkt. 2) with leave to amend. In preparing the First Amended Complaint, plaintiff should carefully evaluate the issues raised in this Order as well as the contentions set forth in defendant's Motion. Plaintiff brings a claim for "contributory trademark infringement arising under 15 U.S.C. § 1114." (Dkt. 2, Complaint at ¶ 56); (see id. at ¶¶ 55-72). However, the court questions whether plaintiff has adequately alleged that defendant had "contemporary knowledge of which particular listings are infringing or will infringe[.]" Spy Phone Labs LLC. v. Google Inc., 2016 WL 1089267, *3 (N.D. Cal. 2016) ("In the specific context of an online marketplace, a service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods.") (internal quotation marks omitted); Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 807 (9th Cir. 2007) (contributory trademark infringement claim may lie where infringer has "knowledge that the infringer is mislabeling the particular product supplied"). For example, plaintiff alleges that it "notified Defendant of its infringement" of the relevant marks in six separate notices, but does not set forth the contents or details of those notices. (See Dkt. 2, Complaint at ¶ 40); Spy Phone Labs LLC, 2016 WL 1089267, at *3 ("Notice of certain acts of infringements does not imply generalized knowledge of – and liability for – others."). Further, the court is skeptical that plaintiff has "clearly articulate[d] its claimed trade dress to give [ ] defendant sufficient notice" with respect to its trade-dress claims. See Crafty Prods., Inc. v. Michaels Companies, Inc., 389 F.Supp.3d 876, 883 (S.D. Cal. 2019) (internal quotation marks omitted) (collecting cases); (Dkt. 2, Complaint at ¶ 36, 73-86).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion **(Document No. 13)** is **granted**.

2. The Complaint (Dkt. 2) is **dismissed with leave to amend**.

3. If plaintiff still wishes to pursue this action, it is granted until **May 27, 2021**, to file a first amended complaint attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in defendant's Motion. The court expects that defendant will agree to any amendments that will or attempt to cure the alleged defects.

4. The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 21-0673 FMO (SKx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make its First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5. Plaintiff is cautioned that failure to timely file a First Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendant shall file its Answer to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **June 10, 2021**.

7. In the event defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **June 3, 2021, at 10:00 a.m.**[1] meet and confer in person, via video, or telephonically to discuss defendant's motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each

[1] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.

attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

Dated this 17th day of May, 2021.

/s/
Fernando M. Olguin
United States District Judge